

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00339-CR

———————————————

Ex parte Charles Cody Lyon

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR13-0619

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Applicant Charles Cody Lyon seeks habeas corpus relief from the trial court's order setting Lyon's cash-bond amount at $70,000. After applying the relevant factors, we conclude under the facts of this case that the ordered amount is not excessive.

## I. BACKGROUND

Lyon was convicted by a jury of theft of property valued in the aggregate at more than $200,000, a first-degree felony at the time of the offense,[1] and his punishment was assessed at thirty years' confinement. *See* Tex. Penal Code Ann. §§ 31.03, 31.09. The stolen property included liquid agricultural fertilizer that Lyon had bought from different sellers as part of his agricultural business, an investment in Lyon's company that Lyon did not return, and a fraudulent bank transfer from the investor's account into Lyon's. *Lyon*, 2018 WL 6816209, at *1–2. On appeal, we affirmed Lyon's conviction but reversed for a new punishment trial because the supported aggregate value of the stolen property was less than $200,000—$149,779.68—mandating that his conviction be classified as a second-degree felony

---

[1]The legislature amended section 31.03 in 2015 to increase the value amounts that would qualify for first- and second-degree felony thefts. *See Lyon v. State*, No. 02-17-00195-CR, 2018 WL 6816209, at *15 (Tex. App.—Fort Worth Dec. 27, 2018, pet. ref'd) (mem. op., not designated for publication). Before the 2015 amendment, a first-degree felony required theft of property valued in the aggregate at more than $200,000; a second-degree felony required theft of property valued in the aggregate at between $100,000 and $200,000. *See id.* Lyon committed the thefts between September 21, 2012, and December 20, 2013.

with a punishment range of two to twenty years' confinement with a possible fine of up to $10,000. Tex. Penal Code Ann. § 12.33; *Lyon*, 2018 WL 6816209, at *15. The court of criminal appeals refused Lyon's petition for discretionary review on May 1, 2019, and denied his motion for release on reasonable bail as moot on June 28, 2019. *Lyon v. State*, No. PD-0099-19 (Tex. Crim. App. June 28, 2019) (per curiam order). We issued our mandate on June 11, 2019.

While awaiting retrial on punishment, Lyon filed in the trial court a motion to be released on reasonable bail, which he asserted would be a surety bond of $20,000. *Cf.* Tex. Code Crim. Proc. Ann. art. 44.04(h) ("If a **conviction** is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail . . . ." (emphasis added)). The trial court held a hearing and set bail at a $70,000 cash bond, foreclosing personal or property bonds. Lyon now seeks habeas corpus relief from the order, asserting that the bond was excessive. We did not request briefing. *See* Tex. R. App. P. 31.1(b).

## II. FACTORS TO CONSIDER

In the trial court, Lyon asserted that under the appropriate factors and considering that his pretrial bail had been set at $10,000, $70,000 was excessive. The factors Lyon relied on in the trial court and now in his habeas corpus application clearly apply (1) in the pretrial context, (2) if a court of appeals reverses a conviction, or (3) pending an appeal if the defendant was not jailed during trial. *See* Tex. Code Crim. Proc. Ann. art. 44.04; *see, e.g.*, *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim.

3

App. [Panel Op.] 1981); *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.—Houston [14th Dist.] 2000, order). Here, however, Lyon's conviction for second-degree felony theft has been affirmed and punishment falling within the statutory range will be assessed under our issued mandate. *Cf.* Tex. Code Crim. Proc. Ann. art. 44.04 (permitting bond pending appeal from "conviction"). In other words, Lyon is not presumed innocent, rendering several of the factors typically considered in bail proceedings inappropriate. *See, e.g.*, *Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (recognizing in setting pretrial bail, "trial court must strike a balance between this presumption [of innocence] and the State's interest in assuring appellant will appear for trial").

But the general rules of fixing bail amounts "in **any** case" should apply. Tex. Code Crim. Proc. Ann. art. 17.15 (emphasis added). These rules guide a trial court's discretion:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

4

*Id.* We additionally recognize that federal law specifies bail considerations pending sentencing after a federal conviction. Under § 3143, a federal district court must detain a person who has been found guilty and who is waiting imposition or execution of sentence unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C.A. § 3143(a)(1) (West 2015); *see also United States v. Miranda*, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("[T]he standards guiding [the trial court's] determination of bail after conviction and pending appeal are more stringent than the standards applicable to the determination of bail before the trial when the defendant is presumed innocent."). In the case at hand, such considerations are included within Article 17.15's rules and duly recognize that Lyon *is no longer entitled to the presumption of innocence.* We also acknowledge that "[t]he chief purpose of bail is to secure the presence of the defendant in court for trial." *Dupuy*, 498 S.W.3d at 230.

A bail determination is committed to the trial court's discretion; thus, we may not find a set bail amount excessive if no abuse of that discretion occurred. *Id.* We will consider the trial court's exercise of its discretion under Article 17.15's and § 3143's narrower factors.

## III.  APPLICATION OF FACTORS TO TRIAL COURT'S DISCRETION

When Lyon was originally sentenced in 2017, a presentence-investigation report noted that Lyon had very strong emotional or personal support available from family or others. Lyon stated in his affidavit, which he admitted as an exhibit at the

trial court's hearing on his motion to set bail, that this support would allow him to "make a bond in approximately double the [$10,000] amount previously set" even though he had been declared indigent. He further noted that he had appeared for all court dates and complied with all conditions while released on bond before his conviction. He has been continuously incarcerated since his sentencing in April 2017. Lyon averred that his mother, step-father, and sister live in Smith County; his aunt lives in Palo Pinto County; and his two sons attend universities in Lubbock and McClennan Counties. Lyon's long-term friend, Colburn McClelland, signed an affidavit in which he swore that Lyon has never lived outside of Texas and that "Lyon is not a flight risk."

The State was concerned that Lyon would be a flight risk because he "faces the reality that there is going to be punishment," which is different than his position prior to his final conviction. The State argued that Lyon had shown no ties to Parker County and noted that there was no indication where Lyon would live if released on bail. The State asserted that bail should be denied or, alternatively, that "a cash bond in the amount of the restitution for the victims"—$149,779.68—be set. The State did not argue that Lyon would be a danger to the community, and no evidence indicates that he would.

Although Lyon complied with his pretrial bond and conditions and appeared for all court dates, Lyon is no longer presumed innocent and will be sentenced. As the State pointed out to the trial court, Lyon is in a materially different position than

he was in 2017 and is not entitled to the presumption of innocence that is given due consideration in pretrial bail determinations. Lyon has now been finally convicted of second-degree felony theft, subject to a sentence of between two and twenty years' confinement, with the possibility of a $10,000 fine and restitution. *See* Tex. Penal Code Ann. § 12.33; Tex. Code Crim. Proc. Ann. art. 42.037.

Lyon has family ties in Texas, but none are in Parker County. And he proffered no evidence of where he would live pending the punishment hearing. We recognize that some evidence indicated that Lyon would not be a flight risk, but there was some evidence that he would be. Based on this record, we cannot conclude that the trial court abused its discretion by setting Lyon's bail pending a new punishment hearing at a $70,000 cash bond. *See, e.g.*, *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Welch*, 729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.).

## IV. CONCLUSION

Based on the record before us, we cannot conclude that the bond amount set by the trial court was excessive and, therefore, detect no abuse of discretion. We affirm the trial court's August 29, 2019 order setting bond and conditions. *See* Tex. R. App. P. 31.3.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 24, 2019